IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Case No. _____

IMAGE PROFESSIONALS GMBH d/b/a
STOCKFOOD,

     Plaintiff,

v.

HIBACHI EXPRESS 16801 INC and
HIBACHI EXPRESS 320 LLC,

     Defendants.

## COMPLAINT

Plaintiff Image Professionals GmbH d/b/a StockFood ("Plaintiff") sues defendants Hibachi Express 16801 Inc ("Hibachi Express 16801") and Hibachi Express 320 LLC ("Hibachi Express 320") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is a "Gesellschaft mit beschränkter Haftung" (the functional equivalent of a limited liability company under US law) organized and existing under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

2.    Hibachi Express 16801 is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 320 East College Avenue, Unit 2, State College, PA 16801. Hibachi Express 16801's agent for service of process is Wen Zhuo, 320 East College Avenue, Unit 2, State College, PA 16801.

3.    Hibachi Express 320 is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 320 East College Avenue, Unit 2, State College, PA 16801.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction." Skidmore v. Led Zeppelin, 106 F.Supp.3d 581, 584 (E.D. Pa 2015).  In other words, "[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court." RMG Media, LLC v. iBoats, Inc., Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

## FACTS

### II.    Plaintiff's Business and History

7.     Originally started in 1979 as StockFood GmbH, Plaintiff's goal was to create the largest premium collection of food images on the international photography market. Today, Plaintiff has amassed the world's largest collection of professional food images, videos, and recipes, with approximately 1 million images offered from a collection of 1,500 different photographers.

8.     Such content is offered for license on Plaintiff's StockFood website (https://usa.stockfood.com/).  In 2019, Plaintiff was renamed to Image Professionals GmbH to account for its expansions into libraries beyond food photography and the provision of services

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

to image professionals throughout the world.

9.    Plaintiff's image library was previously made available for license in the United States through its wholly-owned subsidiary, StockFood America, Inc. ("StockFood America"). In November 2020, however, Plaintiff and StockFood America entered into a Rights Transfer and Stock Purchase Agreement whereby StockFood America assigned and transferred to Plaintiff all of its copyrighted materials and registrations, including the work(s) at issue herein and their corresponding registrations with the Register of Copyrights.

## III.    The Work at Issue in this Lawsuit

10.    One of Plaintiff's professional contributor photographers created a professional photograph of New England clam chowder in a white bowl with crackers (titled "00693859") (the "Work"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

11.    The Work was registered by StockFood America with the Register of Copyrights and was assigned a registration number thereby. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

12.    For all times relevant to this action, Plaintiff and the subject contributor photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter.  Such written agreement(s) likewise

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

authorize Plaintiff (or its wholly-owned subsidiary, StockFood America) to register any of the contributor photographer(s)' photographs with the US Copyright Office (with Plaintiff as the claimant) to the extent such contributor photographer(s) have not already done so. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**IV.    Defendants' Unlawful Activities**

13.    Defendants own and operate an Asian cuisine restaurant located at 320 E College Ave, State College, PA 16801.

14.    Hibachi Express 16801 was incorporated by its principal, Wen Zhou, on January 25, 2021.

15.    Hibachi Express 320 was incorporated by its principal, Wen Zhou, on December 3, 2025 (approximately four months after Hibachi Express 16801 was informed by Plaintiff's counsel that a lawsuit was being filed in this matter).

16.    Hibachi Express 320 is an alter ego or mere continuation of Hibachi Express 16801. Both entities share the same management, personnel, physical location, assets, and general business operations. Both entities share the same shareholders/members (Wen Zhou).

17.    Upon information and belief, Hibachi Express 320 was formed solely to avoid liability with respect to Plaintiff's copyright infringement claim.

18.    Both entities share the same website, telephone number, menus, etc. There is likewise a commingling of monies between both entities and a sharing of all liabilities – both companies essentially function as one with the only reason for Hibachi Express 320 to exist being avoidance of Plaintiff's copyright infringement claim.

19.    Defendants    advertise/market    their    business    through    their    website

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

(https://hibachiexpresspa.com/), social media (e.g., https://www.facebook.com/hibachiexpresspsu/; https://www.grubhub.com/restaurant/hibachi-express-320-e-college-ave-state-college/2884267/menu-item/9384119048 and https://www.seamless.com/menu/hibachi-express-320-e-college-ave-state-college/2884267/menu-item/9384119048/), and other forms of advertising.

20.    On a date after the above-referenced copyright registration of the Work, Defendants displayed and/or published the Work on their website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing their business.

21.    A true and correct copy of screenshots of Defendants' website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

22.    Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Defendants' website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not intended for public use.

23.    Defendants utilized the Work for commercial use.

24.    Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

25.    Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in January 2025. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use.

26.    All conditions precedent to this action have been performed or have been waived.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## COUNT I – COPYRIGHT INFRINGEMENT

27.    Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

28.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

29.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s) and/or registered the Work with the Register of Copyrights in Plaintiff's name).

30.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on Defendants' website, webpage, social media, and/or printed media.

31.    Defendants reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

32.     By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendants' infringement was either direct, vicarious, and/or contributory.

33.    Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

34.    Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

35.    Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

36.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

38.    Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.


Dated: March 3, 2026.                          COPYCAT LEGAL PLLC
                                               3111 N. University Drive
                                               Suite 301
                                               Coral Springs, FL 33065
                                               Telephone: (877) 437-6228
                                               dan@copycatlegal.com

                                               By: /s/ Daniel DeSouza
                                                   Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228